L. & N. R. R. Co. *v.* W. E. T. ATKINS.

HUSBAND AND WIFE. *Suit by not a bar to another suit by Husband.* *Evidence. Depositions.* A judgment in favor of the defendant in a suit brought by husband and wife, is ordinarily no bar to a suit brought by the husband alone, nor are depositions taken in the first suit admissible as evidence in the other.

FROM HENRY.

Appeal in error from the Circuit Court of Henry county. J. R. HAWKINS, J.

COLE & SWEENEY for Railroad Company.

W. H. JONES for Atkins.

COOPER, J., delivered the opinion of the court.

Atkins sued the L. &. N. R. R. Co. in damages, for killing his mare; the defendant pleaded not guilty, upon which issue was joined. The defendant also pleaded that the plaintiff and his wife had previously sued it for the same cause of action, and in a trial on the merits a verdict and judgment were rendered in its favor. The plaintiff replied that the cause of action in the former suit was not the same. The case was submitted to the court without the intervention of a jury, who rendered judgment in favor of Atkins. The company appealed in error. On the trial, the defendant below introduced in evidence the record of the former suit, from which it appears that the action was brought by Atkins and wife for killing *her* mare; that the company pleaded not guilty, and the jury found a verdict upon the issue joined thereon in favor of the company, and judgment was rendered accordingly. It was also proved that the mare for whose killing damages were claimed, was the same in both suits. The authorities are uniform, that to make a judgment a bar, the former suit must be between the same parties. Freeman on Judgments, sec. 252. Ordinarily a judgment in a suit by two persons, would not be a bar to a suit by either of those two, for the obvious reason that a joint cause of action in favor of two, cannot possibly be a cause of action in favor of one of those two. And it has been expressly held, that a husband and wife cannot maintain a joint suit for a cause of action in favor of the husband alone.

*Fallwickle* v. *Keith*, 1 Heis., 360. The plea of former judgment is, therefore, not sustained by the record offered in evidence. Perhaps in strictness the facts stated in the plea are sustained, but the plaintiff is entitled to judgment *non obstante veredicto*—the plea was demurrable.

The defendant below offered in evidence on the merits the depositions of witnesses taken in the former suit. In suits at law, the general rule is, that the witnesses must be brought before the jury in person. The only exceptions are, where the depositions of the witnesses are allowed by statute to be taken, and where ground is laid for the introduction of secondary evidence, as by showing that a witness formerly examined is dead, or has become a lunatic. And it has been expressly held, that the certificate of the officer who takes a deposition cannot give it verity, as the statement of the witness, except in the suit in which the deposition has been taken. *Ross* v. *Cobb*, 9 Yer., 463. The affidavits offered on the motion for a new trial were clearly insufficient for the purpose, nor would the evidence mentioned in those affidavits change the result, if before the court.

Affirm the judgment.